United States District Court
Southern District of Texas

**ENTERED**

March 13, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEONDRE DYNELL DEBOEST, | § | |
| SPN #01774337, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-23-0710 |
| HARRIS COUNTY SHERIFF | § | |
| ED GONZALES,[1] | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Deondre Dynell DeBoest, is presently confined as a pretrial detainee at the Harris County Jail. He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 4) to challenge criminal proceedings that are pending against him in Harris County. He has also filed an Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 1). After considering all of the pleadings and the applicable law, the court will dismiss this action without prejudice for the reasons explained below.

---

[1] The petitioner names State District Judge Josh Hill as the respondent (Docket Entry No. 4, p. 1). Because the petitioner is confined in the Harris County Jail, Sheriff Ed Gonzalez is substituted as the proper respondent under the rules governing federal habeas corpus review.

## I.  <u>Background</u>

DeBoest is currently in custody as the result of criminal charges that have been lodged against him in Harris County Case No. 1792110.[2]  Public records from the Harris County District Clerk's Office confirm that DeBoest was indicted by a grand jury and charged with the felony offense of retaliation in that case, which is pending in the 232nd District Court of Harris County, Texas.[3]

In a Petition that is dated February 19, 2023,[4] DeBoest contends that he is entitled to relief under 28 U.S.C. § 2241 because the trial court has appointed a criminal defense attorney to represent him, which DeBoest does not want.[5]  Deboest wishes to waive his right to counsel and represent himself with the assistance of stand-by counsel.[6]  DeBoest alleges that the trial court has refused to allow him to represent himself and has also failed to issue written rulings on motions that DeBoest has filed on his own behalf or to provide him with a copy of the offense

---

[2]Petition, Docket Entry No. 4, p. 2.

[3]<u>See</u> Office of the Harris County District Clerk, available at: https://www.hcdistrictclerk.com (last visited March 10, 2023).

[4]Petition, Docket Entry No. 4, p. 8.

[5]<u>Id.</u> at 6.

[6]<u>Id.</u>

report so that he can prepare a defense.[7]  DeBoest asks this court

to intervene and grant him leave to represent himself.[8]

## II. DISCUSSION

The writ of habeas corpus provides a remedy only for prisoners

who challenge the "fact or duration" of their confinement and seek

"immediate release or a speedier release from that imprisonment."

Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841

(1973).   To state a claim, a habeas petitioner must demonstrate

that he is entitled to release from confinement because he is "in

custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c).

DeBoest does not seek release from confinement.  Instead, he

asks this court to intervene in ongoing state court criminal

proceedings and overrule decisions made by the presiding judge.

Principles of comity and federalism counsel against granting habeas

relief in a criminal case that is pending trial in state court or

issuing injunctive and declaratory relief concerning an ongoing

state court criminal proceeding. See Kolski v. Watkins, 544 F.2d

762, 766 (5th Cir. 1977).   Likewise, a federal court lacks the

general power to issue writs of mandamus to direct state courts and

their judicial officers in the performance of their duties. See 28

---

[7] Id.

[8] Id. at 7.

-3-

U.S.C. § 1361; <u>Moye v. Clerk, DeKalb County Superior Court,</u> 474
F.2d 1275, 1276 (5th Cir. 1973).

A federal district court may not intervene in criminal
proceedings that are pending in state court unless exceptional
circumstances are present. <u>See Younger v. Harris,</u> 91 S. Ct. 746,
750-51 (1971). Abstention is required under the <u>Younger</u> doctrine
when "(1) the federal proceeding would interfere with an ongoing
state judicial proceeding; (2) the state has an important interest
in regulating the subject matter of the claim; and (3) the
plaintiff has an adequate opportunity in the state proceedings to
raise constitutional challenges." <u>Bice v. Louisiana Public
Defender Board,</u> 677 F.3d 712, 716 (5th Cir. 2012) (citation and
internal quotation marks omitted).

The court concludes that abstention is required because all
three of the <u>Younger</u> criteria are satisfied. First, the pleadings
reflect that DeBoest is the subject of an ongoing criminal
prosecution in state court.[9] Second, the State of Texas has an
important interest in enforcing its own laws by pursuing criminal
charges, which were lodged against DeBoest by a Harris County grand
jury. <u>See DeSpain v. Johnston,</u> 731 F.2d 1171, 1176 (1984) ("The
state has a strong interest in enforcing its criminal laws.").
Third, DeBoest acknowledges that he has challenged the trial
court's rulings in proceedings before the First Court of Appeals

_____

[9]Petition, Docket Entry No. 4, p. 2.

and the Texas Court of Criminal Appeals.[10]  If convicted of the charges, DeBoest will also have an avenue to challenge the trial court's rulings further on direct appeal and collateral review under Article 11.07 of the Texas Code of Criminal Procedure.  Under these circumstances, DeBoest's Petition will be dismissed without prejudice for lack of jurisdiction.

### III.  Certificate of Appealability

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.  Because reasonable jurists would not debate whether the petitioner has established the requisite jurisdiction, a certificate of appealability will not issue.

---

[10]Id. at 2-3.

## IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Deondre Dynell DeBoest (Docket Entry No. 4) is **DISMISSED without prejudice** for lack of jurisdiction.

2.   A certificate of appealability is **DENIED.**

3.   DeBoest's Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 1) is **GRANTED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this *13th* day of *MARCH*, 2023.

_____
                SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-